IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV379-03-MU

| | |
|---|---|
| JAMES D. TINSLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF RICK DAVIS; CAPTAIN ) <br> GILBERT; STEVE WYATT; and ) <br> COUNTY OF HENDERSON, ) <br> ) <br> Defendants. ) <br> _____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 6, 2009. (Document No. 1. )

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at the Henderson County Detention Center. Specifically, Plaintiff contends that his rights were violated because he has been denied access to the courts because Henderson County detention center does not have a law library.

Plaintiff contends that prior to the time he was transferred to the Henderson County Detention Center, he was actively representing himself on appeal from a criminal conviction in South Carolina and also in a federal case concerning the unlawful seizure of his property in violation of the Fourth Amendment.[1] Plaintiff contends that he was told he could have law books brought to his cell but such books would be limited to North Carolina cases only. He

---

[1] Plaintiff has been provided with an attorney to represent him on his North Carolina charges.

1

contends that he was told he would not be provided with any federal law books or law books from South Carolina. Plaintiff contends that his ability to proceed in both his South Carolina and federal case have been hindered and 'he is likely to loose these prima facie cases due to his inability to meet the time limits for filings in the cases." (Complaint at 8.) With respect to his federal case, Plaintiff states that '[i]f he looses this prima facie case it will be due to these defendants actions in failing to provide Plaintiff with access to a law library. For that reason, the defendants herein will be responsible for this ten million dollar ($10,000,000.00) damages." With respect to his South Carolina challenge, Plaintiff contends that '[i]f [he] looses his direct appeal and opportunity to reverse this conviction, he will be forced to spend fourteen (14) years in prison."

The right of access to the courts is protected by Due Process and Equal Protection Clauses, <u>Murray v. Giarratano</u>, 492 U.S. 1, 11 n.6 (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977). The Sixth Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Id</u>. at 828. However, a state need not provide both law libraries and advisors. <u>Williams v. Leeke</u>, 584 F.2d 1336, 1339 (4th Cir. 1978). Indeed, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); <u>Smith v. Bounds</u>, 813 F.2d 1299, 1301-02 (4th Cir. 1987). Because North Carolina has established an attorney assistance program, law libraries are not required and Plaintiff cannot establish a claim for relief on the

facts alleged in his Complaint.[2]

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is DENIED and DISMISSED for failure to state a claim for relief.

**SO ORDERED.**

Signed: October 13, 2009

Graham C. Mullen
United States District Judge

---

[2] Moreover, the right to a law library is not absolute. Critically, it "may be that a local jail designed to accommodate inmates for relatively short periods is under no obligation to provide access to the courts." Strickler v. Waters, 898 F.2d 1375, 1385 (4th Cir. 1983). "A local facility need not provide the same resources, much less the same quality or extent of resources, as must a state facility, because the expectation is that its occupants will be confined there only briefly and that they will have access to more extensive resources upon arrival at a state correctional facility." Id. at 1386.