IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV379-03-MU

JAMES D. TINSLEY,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          **O R D E R**
                                           )
SHERIFF RICK DAVIS; CAPTAIN                )
GILBERT; STEVE WYATT; and                  )
COUNTY OF HENDERSON,                       )
                                           )
            Defendants.                    )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc.

No. 6) filed October 27, 2009 and request for Preliminary Injunction (Doc. No. 7) filed October 22,

2009.

In his Complaint, filed on October 6, 2009, Plaintiff alleges that the Defendants,[1]

violated his constitutional rights while housed at the Henderson County Detention Center.

Specifically, Plaintiff contends that his rights were violated because he has been denied access to

the courts because Henderson County detention center does not have a law library.

Plaintiff was convicted in South Carolina and was serving his sentence in South Carolina

for that conviction. While in prison in South Carolina, Plaintiff learned that North Carolina had

detainers for him and Plaintiff sought an Interstate Agreement on Detainers (IAD) to force North

Carolina to dispose of those charges within 180 days consistent with the IAD.   Plaintiff

_____

[1] The Defendants named in this action are all employed by the County of Henderson,
located in North Carolina.

1

contends that prior to the time he was transferred to the Henderson County Detention Center in

North Carolina, he was actively representing himself on appeal from a criminal conviction in

South Carolina and also in a federal case concerning the unlawful seizure of his property in

violation of the Fourth Amendment.[2]  While in Henderson County jail, Plaintiff complained that

he had no access to the Courts with respect to his South Carolina appeal and his federal case and

was told he could have law books brought to his cell but such books would be limited to North

Carolina cases only.  He contends that he was told he would not be provided with any federal law

books or law books from South Carolina.  Plaintiff contends that his ability to proceed in both his

South Carolina and federal case have been hindered and 'he is likely to loose these prima facie

cases due to his inability to meet the time limits for filings in the cases."  (Complaint at 8.)

By Order dated October 13, 2009, this Court dismissed Plaintiff's claim for failure to

state a claim for relief against any of the North Carolina defendants named in his Complaint.

(Doc. No. 2.)  In his motion for reconsideration, Plaintiff argues "that this Court's Order is fatally

flawed because Plaintiff's complaint specifically states that he is not provided with an attorney to

attack his South Carolina convictions or actions in other jurisdictions, he is not provided with

access to a law library, or any other method of conducting this research."  (Motion at 1-2.)

As stated in this Court's previous Order, the right of access to the courts is protected by

Due Process and Equal Protection Clauses, Murray v. Giarratano, 492 U.S. 1, 11 n.6 (1989), and

requires that prisoners be afforded "a reasonably adequate opportunity to present claimed

violations of fundamental constitutional rights to the courts."  Bounds v. Smith, 430 U.S. 817,

---

[2] Plaintiff has been provided with an attorney to represent him on his North Carolina charges.

825 (1977).  The Sixth Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.  However, a state need not provide both law libraries and advisors.  Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978).   Indeed, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done.  Bounds v. Smith, 430 U.S. 817, 828 (1977);  Smith v. Bounds, 813 F.2d 1299, 1301-02 (4th Cir. 1987).  Because North Carolina has established an attorney assistance program, law libraries are not required and Plaintiff cannot establish a claim for relief against these Defendants on the facts alleged in his Complaint.[3]

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that for the reasons stated in this Order and the Court's previous Order, Plaintiff's Motion for Reconsideration (Doc. No. 6) is denied and Plaintiff's Request for Preliminary Injunction (Doc. No. 7) is denied as moot.

**SO ORDERED.**

Signed: October 30, 2009

Graham C. Mullen
United States District Judge

---

[3] To the extent Plaintiff has a claim at all, it may be against the State of South Carolina. See generally Lehn v. Holms, 364 F.3d 862, 66-67 (7th Cir. 2004);  Johnson v. State of Delaware, 442 A.2d 1362 (1982).